**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-2311**

JEAN BOSCO MURENZI,

Petitioner,

versus

ALBERTO R. GONZALES, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.  (A95-903-144)

Submitted:  September 25, 2006          Decided:  October 16, 2006

Before WILKINSON, NIEMEYER, and WILLIAMS, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Ivan Yacub, LAW OFFICE OF IVAN YACUB, Falls Church, Virginia, for Petitioner.  Peter D. Keisler, Assistant Attorney General, Carol Federighi, Mark L. Gross, Andrew G. Braniff, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Jean Bosco Murenzi, a native of Uganda and citizen of Rwanda, petitions for review of an order of the Board of Immigration Appeals (Board) affirming without opinion the immigration judge's denial of his applications for asylum, withholding of removal, and protection under the Convention Against Torture.[*]  Because the Board affirmed under its streamlined process, see 8 C.F.R. § 1003.1(e)(4) (2006), the immigration judge's decision is the final agency determination.  See Camara v. Ashcroft, 378 F.3d 361, 366 (4th Cir. 2004).

Murenzi challenges the Board's finding that his testimony was not credible, and that he otherwise failed to meet his burden of proof to qualify for asylum.  We will reverse this decision only if the evidence "was so compelling that no reasonable fact finder could fail to find the requisite fear of persecution," Rusu v. INS, 296 F.3d 316, 325 n.14 (4th Cir. 2002) (internal quotations and citations omitted), and uphold credibility determinations if they are supported by substantial evidence.  See Tewabe v. Gonzales, 446 F.3d 533, 538 (4th Cir. 2006).

We have reviewed the administrative record and the Board's decision and find that substantial evidence supports the

_____

[*]As Murenzi's brief raised no claims concerning the denial of withholding of removal or protection under the Convention Against Torture, any such claims are waived.  Edwards v. City of Goldsboro, 178 F.3d 231, 241 n.6 (4th Cir. 1999).

adverse credibility finding and the ruling that Murenzi failed to establish past persecution or a well-founded fear of future persecution as necessary to establish eligibility for asylum. See 8 C.F.R. § 1208.13(a) (2006) (stating that the burden of proof is on the alien to establish eligibility for asylum); INS v. Elias-Zacarias, 502 U.S. 478, 483 (1992) (same).

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED